IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,651






EX PARTE DAVID LAMAR TARBUTTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-1864-95-B IN THE 93RD JUDICIAL DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted pursuant to a single
indictment of one count of possession of child pornography, for which he received a ten year
sentence, one count of indecency with a child by exposure, for which he also received a ten year
sentence, one count of aggravated sexual assault of a child, for which he received a thirty year
sentence, and one count of indecency with a child by contact, for which he received a fifteen year
sentence. The Court of Appeals affirmed his conviction. Tarbutton v. State, No. 13-98-00101-CR
(Tex. App. - Corpus Christi, July 22, 1999, pet. ref'd). 

 Applicant contends, inter alia, that he was denied due process because the jury charge in the
aggravated sexual assault of a child count allowed for a non-unanimous jury verdict on that count. 
 The trial court has determined that the jury charge in the aggravated sexual assault count was
erroneous, that the prosecutor mis-informed the jury regarding the unanimity requirement, and that
Applicant was egregiously harmed by the error. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984). We find, therefore, that Applicant is entitled to relief. The judgment of conviction in
Count Three of Cause No. CR-1864-95-B from the Judicial District Court of Hidalgo County is set
aside, and Applicant is remanded to the custody of the Sheriff of Hidalgo County to answer the
charges as set out in Count Three of the indictment.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: September 28, 2011

Do Not Publish